| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>FORMAN HOLT ELIADES<br>& YOUNGMAN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey 07652<br>(201) 845-1000<br>Attorneys for Catherine E. Youngman,<br>Chapter 7 Trustee<br>Erin J. Kennedy (EJK-9227) | |
| In Re:<br><br>CANTELLO, LLC,<br><br>                    Debtor. | Case No.: 12-27005 (MBK)<br><br>Chapter: 7 |
| CATHERINE E. YOUNGMAN, CHAPTER 7 TRUSTEE,<br><br>                    Plaintiff,<br>v.<br><br>THREAD UNION LLC; KINGDOM ASSOCIATES INC.; WITMAN STADTMAURER P.A.; TAAS CONSTRUCTION CORPORATION; CIRO MEDEROS; EUGENE VASQUEZ; CESAR RAMOS; JUAN CASTILLO; STACK AND STACK LLC; UPTOWN REALTY INC.; CORE GROUP MARKETING NJ LLC; THE THREAD CONDOMINIUM ASSOCIATION; RED FEATHER MARKETING GROUP; SARAH BANBURY; JAMES HOWITT; and STATE OF NEW JERSEY, DIVISION OF CODES AND STANDARDS,<br><br>                    Defendants. | Adv. Pro. No. 13 - |

**COMPLAINT TO DETERMINE EXTENT, VALIDITY AND PRIORITY
OF LIENS, TO AVOID LIENS, AND TO PRESERVE AVOIDED LIENS
<u>FOR THE BENEFIT OF THE ESTATE</u>**

Catherine E. Youngman, the Chapter 7 Trustee and plaintiff herein ("Plaintiff"), by and

through her attorneys, Forman Holt Eliades & Youngman LLC, by way of complaint against the

00282125 - 1

defendants, respectfully states and sets forth as follows:

## BACKGROUND

1. On July 5, 2012, CM & Associates Construction Management, LLC, Haddad Plumbing and Heating, Inc.; R.C. Structures, Inc.; and Aleta Industries, Inc. (the "Petitioning Creditors") filed an involuntary petition pursuant to Chapter 11 of the Bankruptcy Code against Cantello, LLC ("the Debtor") in the United States Bankruptcy Court for the District of New Jersey ("Court").

2. On July 31, 2012, secured creditor Thread Union City, LLC ("Thread"), filed an Order to Show Cause for Conversion to Chapter 7.

3. On August 6, 2012, the Court entered an Order Converting the Case to Chapter 7.

4. On August 8, 2012, the Office of the United States Trustee appointed Plaintiff as Chapter 7 Trustee, duly qualified and is acting in that capacity.

## JURISDICTION

5. This adversary proceeding is brought within Case No. 12-27005 (MBK) now pending in this Court.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 as this action arises under, in, and is related to a case under the Bankruptcy Code and according to the terms of the "District General Order of Reference" of the United States District Court for the District of New Jersey dated July 23, 1984.

7. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 506, 544, 548, 550, 551.

8. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K), (N) and (O).

## THE PROPERTY

9. The Debtor owns certain real property located at 3312 Hudson Ave, Union City, New Jersey (the "Property").

10. On October 27, 2011, Anthony F. Lama prepared an appraisal for State Bank of Long Island of 58 units including the 17 units owned by the Debtor. The appraisal concluded the aggregate retail value of the units was $16,860,000 and the single purchaser value of the units was $11,450,000.

11. The average retail value of the units is approximately $290,000 and the average single sale value is approximately $197,500.

12. The 17 units owned by the Debtor have a greater value than the average value because of their desirability, size and location.

13. The current single purchaser value for the 17 units is at least an average of $320,000 per unit.

## THE LIENS

14. The Trustee's title searches reveal that the 17 condominium units are subject to the following claims of liens (listed in order of priority):

   a. An Amended Final Judgment in Foreclosure filed June 22, 2012 in favor of Thread Union City, LLC ("Thread") successor to TD Bank, N.A fka Commerce Bank/North's mortgage with the debtor filed in the Hudson County Clerk's Office on June 27, 2007 in Mortgage Book 16001, page 232.

   b. A mortgage in the face amount of $1 million to Elmar Associates, LLC, and subsequently assigned to Thread Union, LLC ("Thread/Elmar"), recorded in the Hudson County Clerk's Office on February 19, 2009 in Mortgage Book 17264, at page 302.

c. A construction lien claim in the face amount of $89,620.88 that was recorded by Kingdom Associates, Inc. in the Hudson County Clerk's Office on January 1, 2011 as Construction Lien No. 3769-2011 ("Kingdom") and a Lis Pendens filed October 26, 2011 in Book 448, page 102.

d. A judgment in the face amount of $197,031.80 entered against the Debtor by Witman Stadtmaurer, P.A. on or about March 24, 2011 under Judgment Number J-086112-2011.

e. A judgment in the face amount of $141,448.17 entered against the Debtor by Witman Stadtmaurer, P.A. on or about May 12, 2011 under Judgment Number J-138581-2011.

f. A judgment in the amount of $370,177 was entered against the Debtor by Taas Construction Corporation on or about May 20, 2011 under Judgment Number J-147802-2011.

g. A mortgage in the face amount of $4,900,000 to Ciro Mederos, Eugene Vasquez, Cesar Ramos, Juan Castillo, Stack and Stack, LLC, and Uptown Realty, Inc. ("Mederos Group"), recorded in the Hudson County Clerk's Office on June 20, 2011 in Mortgage Book 17724, at page 777.18.

h. A judgment in the amount of $424,441.60 was entered against the Debtor by Core Group Marketing NJ, LLC on or about July 12, 2011 under Judgment Number J-203562-2011.

i. A lien claim in the face amount of $452,000 that was recorded by the Thread Condominium Association in the Hudson County Register on August 19, 2011 in Mortgage Book 17752 at page 64 (the "Association Lien").

j. A judgment in the amount of $164,182.85 in favor of Miller Advertising Agency Inc. on September 21, 2011 under Judgment Number J-268479-2011.

k. A judgment in the amount of $38,915 was entered against the Debtor by Red Feather Marketing Group, on or about January 20, 2012 under Judgment Number J-018462-1.

l. A judgment in the amount of $487,000 was entered against the Debtor by the State of New Jersey, Division of Codes and Standards on January 10, 2013 under judgment number DJ-

4

007541-2013.

m. A judgment in the amount of $63,386.13 was entered against the Debtor by Sarah Banbury and James Howitt on April 22, 2013 under judgment number J-07473402913.

n. Various tax sale certificates recorded on June 27, 2011 and thereafter.

15. On November 3, 2012, the Trustee and Thread entered into a settlement agreement which was approved by the court on November 3, 2012. In relevant part, the settlement agreement fixed Thread's lien and provided that the Trustee would sell the 17 units which were owned by the Debtor.

16. A foreclosure sale was held for 41 units at the property subject to the Thread lien. The net sale proceeds reduced the Thread lien by $7,788,243.54, leaving a balance due of $2,664,876.76 as of April 9, 2013.

## THE PARTIES

17. Thread Union, LLC is a limited liability company with its principal place of business located at 18 Columbia Turnpike, Suite 200, Florham Park, New Jersey 07932 and asserts a second mortgage lien on the Property.

18. Kingdom Associates, Inc. is a foreign corporation with its principal place of business located at 3400 Laurel Hill Boulevard, Maspeth, New York 11378 and asserts a construction lien on the Property.

19. Witman Stadtmaurer, P.A. is a professional association with its principal place of business at 29 Columbia Turnpike, Florham Park, New Jersey 07932 and asserts a judgment lien on the Property.

20. Taas Construction Corporation is a domestic corporation with its principal place of business located at 162 Lodi Street, Hackensack, New Jersey 07601 and asserts a judgment lien on

5

the Property.

21. Ciro Mederos is an individual with a last known address at 81 Edgemont Place, Teaneck, New Jersey 07666 and is a part of the Mederos Group which asserts a third mortgage on the Property.

22. Eugene Vasquez is an individual with a last known address at 539 38th Street, Union City, New Jersey 07087 and is a part of the Mederos Group which asserts a third mortgage on the Property.

23. Cesar Ramos is an individual with a last known address at 359 38th Street, Union City, New Jersey 07087 and is a part of the Mederos Group which asserts a third mortgage on the Property.

24. Juan Castillo is an individual with a last known address at 6040 Kennedy Boulevard East, Apt. 28C, West New York, New Jersey 07093-3860 and is a part of the Mederos Group which asserts a third mortgage on the Property.

25. Stack and Stack, LLC is a limited liability company with its principal place of business at 90 Hudson Street, Hoboken, New Jersey 07030 and is a part of the Mederos Group which asserts a third mortgage on the Property.

26. Uptown Realty, Inc. is a domestic partnership with its principal place of business at 117 Washington Street, Hoboken, New Jersey 07030 and is a part of the Mederos Group which asserts a third mortgage on the Property.

27. Core Group Marketing NJ, LLC is a limited liability company with its principal place of business at 239 Washington Street, Jersey City, New Jersey 07302 and asserts a judgment lien on the Property.

28. The Thread Condominium Association is a domestic nonprofit corporation with its

principal place of business at 71 Route 46 West, Second Floor, Elmwood Park, New Jersey 07407 and asserts a judgment lien on the Property.

29. Red Feather Marketing Group is a domestic partnership with its principal place of business at 332 Main Street, Madison, New Jersey 07940 and asserts a judgment lien on the Property.

30. Sarah Banbury is an individual with a last known address of 3312 Hudson Avenue, Apt. 7K, Union City, New Jersey 07087 and asserts a judgment lien on the Property.

31. James Howitt is an individual with a last known address of f 3312 Hudson Avenue, Apt. 7K, Union City, New Jersey 07087 and asserts a judgment lien on the Property.

32. State of New Jersey, Division of Codes and Standards is a division of the New Jersey government which establishes and enforces building codes.

## **COUNT ONE**

33. Plaintiff repeats the allegations of the foregoing paragraphs of this complaint as if fully set forth herein.

34. The Defendant's liens may have been paid in whole or in part.

35. The Defendants' liens may be unenforceable against the Trustee.

36. Plaintiff is entitled to a determination of the extent, validity and priority of the liens asserted by each of the Defendants.

37. WHEREFORE, Plaintiff demands judgment against the Defendants (i) determining that the secured status of Defendant's liens under section 506 of the Bankruptcy Code; (ii) determining the amount the Defendants should contribute to the costs and expenses of preserving and disposing of the property; (iii) awarding to the Plaintiff her costs of suit, including reasonable attorneys' fees; and (iv) granting to Plaintiff such other and further relief as is just and proper.

## COUNT TWO

38. Plaintiff repeats the allegations of the foregoing paragraphs of this complaint as if fully set forth herein.

39. Pursuant to section 544(a) of the Bankruptcy Code, as of the date of the commencement of this case, Plaintiff has the rights and powers of a judicial lien creditor who has properly levied upon the Debtor's property.

40. Upon information and belief, judgment lienholders Witman Stadtmauer, P.A.; Tass Construction; Core Group Marketing NJ, LLC; Miller Advertising Agency, Inc.; Red Feather Marketing Group, Banbury, Howitt and State of New Jersey, Division of Codes and Standards ("Judicial Lienholders") have failed to satisfy the requirement of N.J.S.A. 2A:17-1 et. seq by failing to make a good faith effort to execute against the Debtor's personal property, either by execution, sale or exemption, prior to executing against the Property.

41. The Judicial Liens alleged to be held by the Judicial Lienholders are avoidable by the Trustee under Bankruptcy Code §544.

42. Plaintiff's interest in the Property and the Proceeds from its sale is superior to that of the Judicial Lienholders under Bankruptcy Code §544.

43. Plaintiff is entitled to recover the total amount of the avoided transfers from the Judicial Lienholders for the benefit of the estate pursuant to section 550 of the Bankruptcy Code.

44. Avoided judgment liens are preserved for the benefit of the estate pursuant to section 551 of the Bankruptcy Code.

WHEREFORE, Plaintiff demands judgment against the Judicial Lienholders: (i) avoiding and recovering the Judicial Liens pursuant to section 544 and 550 of the Bankruptcy Code and N.J.S.A. 2A:17-1 et seq.; (ii) declaring that Plaintiff's interest in the Property is superior to the interest of the Judicial Lienholders; (iii) preserving all avoided liens for the benefit of the estate pursuant to section 551 of the Bankruptcy Code; (iv) awarding to the Plaintiff her costs of suit, including reasonable attorneys' fees; and (v) granting to Plaintiff such other and further relief as is just and proper.

## COUNT THREE

45. Plaintiff repeats the allegations of the foregoing paragraphs of this complaint as if fully set forth herein.

46. The Mederos Group mortgage was recorded on June 20, 2011, which is the date of the transfer.

47. The Mederos Group mortgage was recorded within two (2) years before the filing of the Debtor's bankruptcy petition.

48. The underlying indebtedness secured by the Mederos Group mortgage was an obligation owed to the Mederos Group by the Debtor's principal and was not in consideration for monies loaned or services provided to the Debtor.

9

49. The Mederos Group mortgage was recorded with the actual intent to hinder, delay, or defraud creditors of the Debtor.

50. Plaintiff is entitled to avoid the Mederos Group mortgage lien recorded in the face amount of $4,900,000.

WHEREFORE, Plaintiff demands judgment against the Mederos Group defendants: (i) avoiding the Mederos Group mortgage pursuant to 11 U.S.C. § 548; (ii) awarding to the Plaintiff her costs of suit, including reasonable attorneys' fees; and (iii) granting to Plaintiff such other and further relief as is just and proper.

## COUNT FOUR

51. Plaintiff repeats the allegations of the foregoing paragraphs of this complaint as if fully set forth herein.

52. Bankruptcy Code Section 362 provides that the filing of the bankruptcy case creates an automatic stay of actions against the Debtor.

53. Banbury, Howitt and the State of New Jersey, Division of Codes and Standards have judgments that were entered after the petition was filed and the order for relief was entered.

54. The judgments of Banbury, Howitt and the Division of Codes and Standards should be declared void and disallowed as liens against the estate.

WHEREFORE, Plaintiff demands judgment against the Mederos Group defendants: (i) avoiding the judgments of Banbury, Howitt and State of New Jersey, Division of Codes and

Standards; (ii) awarding to Plaintiffs their costs of suit, including reasonable attorneys' fees; and (iii) granting to Plaintiffs such other and further relief as is just and proper.

                FORMAN HOLT ELIADES
                & YOUNGMAN LLC
                Counsel to Catherine E. Youngman,
                Chapter 7 Trustee

By:   */s/ Erin J. Kennedy*
       Erin J. Kennedy (EJK-9227)

Dated: October 16, 2013

11